

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 5, 1974

The Honorable Robert S. Calvert          Opinion No. H- 233
Comptroller of Public Accounts
State Finance Building                    Re: Expenses of members of
Austin, Texas                             the Texas Youth Council in
                                          city of his residence.

Dear Mr. Calvert:

On February 20, 1974, we issued our Opinion H-233. That opinion
is now withdrawn, is no longer of any effect, and the following substituted
in its place.

The specific question you asked in your request for our opinion was
whether a state official "as defined in Section 2 of Article 6823a, V.T.C.S."
would be entitled to expenses for meals incurred within the city in which
he resides. The account in question was submitted by a member of the
Texas Youth Council.

Article 6823a, V.T.C.S. is the Travel Regulations Act of 1959
governing the payment of <u>travel</u> expenses of state officers, heads of state
agencies, and state employees. You also cited to us various sections of
the General Appropriations Act having to do with travel and the reimburse-
ment of travel expenses.

As we read the question you have asked, it does not involve actual
travel by the official. We are of the opinion that neither the Travel Regula-
tions Act of 1959 (Article 6823c, V.T.C.S.), nor the Appropriations Act in
its general travel provisions governs the answer to your question. We are
aware that it has been held in Attorney General Opinion M-873 (1971) that
the Act does apply to travel by a state employee within the city of his
designated headquarters.

Article 6823a, Sec. 8 recognizes the allowance for travel within the designated headquarters but, in Sec. 9, expressly prohibits collection of a per diem for the period of time an employee is within his official designated headquarters.

Section 11 of Article V, the General Provisions of the Appropriations Act (Acts 1973, 63rd Leg., ch. 659, p. 1786 at p. 2203) requires that, to be entitled to travel expenses, an official must travel.

It is our opinion that the answer to your question, rather, is governed by Sec. 4 (c) of Article 5143d, V. T. C. S. which provides:

> All members of the Texas Youth Council and the Executive Directors appointed by them shall receive as expenses the actual expenses incurred while on state business for the Texas Youth Council.

In Attorney General Opinion H-58 (1973) we were concerned with the question of whether a member of the Texas Animal Health Commission was entitled to recover per diem and expenses for various trips he had made other than to official meetings and without direction from the Commission to perform any of the travel or the services for which reimbursement was claimed. In answering that question we said:

> It appears that the only limitation imposed upon a Commissioner as to his expenses for which he is entitled to reimbursement is that they be 'actual and necessary' and that they be 'incurred while in the performance of his official duties.' Surely the official duties of a Commissioner must include more than merely attending meetings of the entire Commission and it is our opinion that each Commissioner of a department headed by a Commission has considerable discretion in determining what his activities are to be and what expenses he incurs. His discretion, however, is not unlimited.

Whether or not the services are 'in the
performance of his official duties' is a determina-
tion to be made primarily by the Commissioner
himself and certified to in his travel voucher;
secondly by the Commission Chairman in approving
or disapproving the voucher for payment; and thirdly,
by the Comptroller of Public Accounts.   And see
also Attorney General Opinion H-133 (1973).

It is our opinion therefore that a member of the Texas Youth Council
may be reimbursed for actual expenses incurred by him in the city in which
he resides provided that the expenses are reasonable and are incurred while
on State business for the Texas Youth Council, and provided, or course,
funds are appropriated to the Texas Youth Council for that purpose.

## SUMMARY

A member of the Texas Youth Council is entitled
to be reimbursed for reasonable expenses incurred
by him in attending meetings within the city limits
of the city in which he resides provided they are
actual expenses incurred while on State business
for the Texas Youth Council.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee